UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

| | | |
|---|---|---|
| THE PROGRESSIVE CORPORATION | ) | MDL Docket No. 1519 |
| INSURANCE UNDERWRITING | ) | Consolidated Cases: |
| AND RATING PRACTICES LITIGATION | ) | No. 1:00-210; No. 5:02-2384; |
| | | No. 3:01-1465; No. 3:02-2552; |
| | | and No. 3:03-1176. |
| | | Judge: Maurice Paul |

**SECOND AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FAIRNESS HEARING**

This matter came before the Court on July 28, 2004 upon Plaintiffs' motion for entry of an order (I) preliminarily approving settlement and certifying a class for settlement purposes, (ii) directing issuance of a Notice of Class Action Settlement, and (iii) scheduling a Fairness Hearing.[1]

This multidistrict litigation arises from the following Consolidated Cases:

(a) *Cathryn Smith, Margaret Jones, and Laura Sprague* v. The Progressive Corporation, et al., Case No. 1:00-CV-210-MMP (N.D. Fla., Gainesville Division);

---

[1] The definitions for all previously defined capitalized terms are herein incorporated by reference.

(b) *Sharele Dikeman and Michael Whitman v. The Progressive Corporation*, Case No. CV 01-1465 JE (D. Oregon, Portland Division);

(c) *Paul K. Cooley v. Progressive Insurance Co.*, Case No. CV 02 2384-S (W.D. Louisiana, Shreveport Division);

(d) *Timothy James Carlson v. Progressive Insurance Co.*, Case No. 02-CV-2552 (N.D. Texas, Dallas Division); and

(e) *Gloria Warren v. Progressive Casualty Ins. Co.*, Case No. 3:03-1176 (N.D. Ala.).

Plaintiffs in the Consolidated Cases alleged, among other things, that the Settling Defendants[2] violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") by not providing proper notice of adverse action to Policyholders and Quotation Recipients that were denied insurance coverage, had insurance coverage cancelled or were charged or quoted higher premiums based in whole or in part on information contained in their consumer reports.  Plaintiffs sought compensatory damages for

---

[2] The Settling Defendants are: The Progressive Corporation, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, Progressive Classic Insurance Company, Progressive Halcyon Insurance Company, Progressive Universal Insurance Company of Illinois, Mountain Laurel Assurance Company, National Continental Insurance Company, Progressive Hawaii Insurance Corporation, Progressive American Insurance Company, Progressive Bayside Insurance Company, Progressive Mountain Insurance Company, Progressive Northeastern Insurance Company, United Financial Casualty Company, Progressive Gulf Insurance Company, Progressive Home Insurance Company, Specialty Risk Insurance Company, Progressive Max Insurance Company, Progressive Consumers Insurance Company, Progressive West Insurance Company, Progressive Northern Insurance Company, Progressive Northwestern Insurance Company, Progressive Preferred Insurance Company, Progressive Paloverde Insurance Company, Progressive Express Insurance Company, Progressive Premier Insurance Company of Illinois, Progressive Southeastern Insurance Company, Progressive County Mutual Insurance Company, Progressive Michigan Insurance Company, Progressive Marathon Insurance Company, and Progressive Security Insurance Company (also collectively referred to as "Progressive").

negligent violations of the FCRA, punitive damages, and statutory damages for willful violations of the FCRA, and injunctive and declaratory relief.

By Orders dated April 15 and July 3, 2003 the Judicial Panel on Multidistrict Litigation transferred the Consolidated Cases to this Court for coordinated and consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407.

The Parties, through their respective counsel, conducted intensive investigation and more than three years of litigation of this matter, including extensive document discovery and depositions of fact and expert witnesses. Class Counsel, on behalf of the named Plaintiffs and Class Members, have made a thorough investigation of the facts and circumstances underlying the issues raised in this case, the applicable law and the relative strengths of their claims. As a result of their investigation and after more than three years of intensive litigation and a period of arms' length negotiations with the Settling Defendants, Class Counsel reached the conclusion that it was desirable and in the best interests of the Class Members that the lawsuit be settled on the terms and conditions set forth in the Settlement Agreement, attached as Exhibit 1.

Plaintiffs and their respective counsel have agreed to the Settlement Agreement based on: (I) the substantial benefits to Plaintiffs and the Class under the terms of the Settlement Agreement; (ii) the uncertainty of being able to prove all of the allegations raised in the Consolidated Cases, and the uncertainty of being able to overcome Progressive's legal and factual defenses thereto; (iii) the attendant uncertainties and risks of litigation, especially in complex actions such as these, as well as the difficulties and

delays inherent in such litigation; (iv) the uncertainty inherent in various theories of damages, even if Plaintiffs could establish Progressive's liability; and (v) the desirability of consummating the Settlement Agreement promptly, in order to provide effective relief to Plaintiffs and the Class as soon as possible.

Plaintiffs and their counsel believe that the settlement is fair, reasonable and adequate because it provides substantial benefits to and is in the best interests of the Class.

The Settling Defendants have expressly denied the Plaintiffs' allegations and have asserted numerous defenses to Plaintiffs' claims. The Settling Defendants do not admit liability to any Class Member and do not admit liability in any case for any of Plaintiffs' allegations.  Further, Settling Defendants deny any wrongful conduct toward Plaintiffs or the Class, and assert that the alleged wrongful actions were lawful in all respects.

Progressive and its counsel have agreed to the Settlement Agreement based upon: (I) Progressive's desire to address any dissatisfaction that its Current Policyholders, Former Policyholders and Quotation Recipients may have with respect to disclosures allegedly required to be made by Progressive pursuant to the FCRA by providing to them benefits to fairly, adequately and reasonably compensate them for any claims they may have (without acknowledging the validity of any such claims) as set forth in the Settlement Agreement; and (ii) the desirability of avoiding the further expense and disruption of its business due to the pendency of the Consolidated Cases and putting to

rest similar allegations that could be raised against Progressive in other time-consuming and expensive litigation.

NOW, THEREFORE, based upon the foregoing and upon reviewing the Settlement Agreement, upon reviewing all prior proceedings held herein, and having heard argument of counsel and otherwise being fully advised in the premises, with the consent of the Settling Defendants, it is hereby

**ORDERED AND ADJUDGED**:

1. <u>Jurisdiction</u>.  This Court has jurisdiction over the subject matter of these Consolidated Cases, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and over the parties hereto and the Class.

2. <u>Class Representatives</u>. Plaintiffs Cathryn Smith, Margaret Jones, Laura Sprague, Sharele Dikeman, Michael Whitman, Paul K. Cooley, Timothy James Carlson, and *Gloria Warren* are hereby preliminarily designated as representatives of the Class, as defined below, for the sole purpose of seeking a settlement of the Consolidated Cases, and shall hereinafter be referred to as "Plaintiffs" or the "Class Representatives."

3. <u>Lead Counsel</u>.  The Court appoints Terry A. Smiljanich, Esq., James, Hoyer, Newcomer & Smiljanich, P.A., One Urban Centre, Suite 550, 4830 West Kennedy Boulevard , Tampa, Florida 33609 as Lead Counsel for the Class.

4. <u>Preliminary Class Findings</u>.  For purposes of the settlement of the Consolidated Cases (and only for such purposes and without an adjudication of the merits), it appears that the requirements of applicable law for preliminary certification of the Class, as defined below, including Rule 23 of the Federal Rules of Civil Procedure, have been met in that:

A.  The Class consists of several million Current Policyholders, Former Policyholders and Quotation Recipients, and, therefore, the members of the Class are so numerous that joinder of all members is impracticable.

B.  There appears to be a well-defined community of interest among members of the Class in that certain issues of law and fact raised by Plaintiffs are common to the Class and are substantially similar.  Those issues include whether Progressive failed to advise the Class Members that were adversely affected by premiums, or quotations for premiums, in excess of the otherwise best premiums available to them, based in whole or in part on information from their Consumer Reports obtained from a Consumer Reporting Agency, in violation of 15 U.S.C. § 1681m(a).  These common issues appear to predominate over issues affecting only individual members of the Class.

C.  The claims of the Class Representatives appear to be typical of the claims of the Class.  The Class Representatives will fairly and adequately protect the interests of the Class in that: (I) the interests of the Class Representatives are consistent with those of the Class; (ii) there are no conflicts between the Class

Representatives and the Class; (iii) the Class Representatives have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Consolidated Cases; and (iv) the Class Representatives and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, including those involving the sort of claims alleged in the Consolidated Cases.

> D. A settlement of the Consolidated Cases in the manner proposed by the Settlement Agreement appears to be superior to other available methods for the fair and efficient adjudication of the Consolidated Actions.

In making these preliminary findings, the Court has considered, among others, the following factors: (I) the interests of the members of the Class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning these claims already commenced by or against members of the Class; and (iii) the desirability of concentrating the litigation of the claims in a particular forum.

> 5. <u>Preliminary Class Certification for Settlement Purposes</u>. A national class for settlement purposes is hereby preliminarily certified consisting of:
>
> All residents of the United States of America who are members of Sub-Class A or Sub-Class B, defined as follows:
>
> <u>Sub-Class A</u>: shall include all Current Policyholders and Former Policyholders where (I) such Policyholders would have received a lower premium rate from Progressive but for the information contained in a Consumer Report, and (ii) the Policy inception date for the Current Policyholder or Former Policyholder occurred between January 1, 1997 and the earlier of the Preliminary Approval Date or the Notice Cutoff Date;

>Sub-Class B: shall include all Quotation Recipients that obtained a no obligation quotation at any time, from January 1, 1997 to the Preliminary Approval Date.

6. Findings Regarding Proposed Settlement. The Court finds that: (I) the proposed settlement resulted from extensive arms' length negotiations and was concluded only after counsel for Plaintiffs had (a) conducted broad discovery and taken the depositions of employees or agents of Progressive, and (b) conducted a vast independent investigation before and throughout the litigation; and (ii) the proposed settlement evidenced by the Settlement Agreement is sufficient to warrant (a) notice thereof as set forth below, and (b) a full hearing on the settlement.

7. Fairness Hearing. A hearing (the "Fairness Hearing") will be held on October 29 2004, at 10:00 a.m. in the courtroom of the Honorable Maurice Paul, U.S. District Courthouse, 401 S.E. First Avenue, Gainesville, Florida 32601, to determine: (I) whether the Class should be finally certified; (ii) whether the Settlement should be approved as fair, reasonable and adequate; (iii) whether the Consolidated Cases should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iv) whether Class Members should be bound by the release set forth in the Settlement Agreement; (v) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or

participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, the actions, claims and causes of action that were raised, or could have been raised, in the Consolidated Cases; and (vi) whether the application of Plaintiffs' counsel for payment of attorneys' fees, costs and expenses should be approved.

8. <u>Retention of Class Administrators</u>.  The Court authorizes Progressive to retain one or more Class Administrators to help implement the terms of the proposed settlement, and authorizes such Class Administrators to assist the Parties in (I) mailing the Mailing Notice, (ii) publishing the Publication Notice, (iii) establishing and maintaining the Website, and (iv) carrying out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties.

9. <u>Notice by Mail</u>. No later than 53 days before the Fairness Hearing Progressive shall cause the Class Administrator, at Progressive's expense, to mail the Mailing Notice in accordance with the Settlement Agreement. The Mailing Notice shall be sent by standard mail, postage prepaid, to the persons' last known address of record.  The Mailing Notice shall, among other things, contain: (I) contain a short, plain statement of the background of the Consolidated Actions, class certification and the proposed settlement; (ii) describe the relief available under the proposed

Case 1:03-cv-01519-MP-AK   Document 54   Filed 09/15/04   Page 10 of 16

Page 10 of 16

settlement; (iii) explain the procedures for obtaining relief under the proposed settlement and for objecting to the Settlement or requesting exclusion from the Class; (iv) state that any relief to Class Members is limited to that provided by the proposed settlement and is contingent on the Court's final approval of the proposed settlement; (v) give information regarding attorneys' fees and costs; and (vi) incorporate the provisions of the release and describe the effect that the proposed settlement, if approved, may have on pending disputes or actions. The Mailing Notice shall include a claim form.

10. <u>Notice by Publication</u>.  In addition to mailing the Class Notice, the Parties shall publish a notice of the proposed settlement (the "Publication Notice"), the Fairness Hearing and Class Members' exclusion rights in the national editions of Parade Magazine, USA Today, USA Weekend, and Vista.  The Publication Notice shall be substantially in the form attached as Exhibit B to the Settlement Agreement. The Publication Notice shall be published no later than 53 days before the Fairness Hearing.

11. <u>Proof of Mailing and Publication</u>.  On or before the Fairness Hearing, Progressive or the Class Administrator shall file with the Court an affidavit of mailing of the Mailing Notice and an affidavit of publication of the Publication Notice.

12. <u>Findings Concerning Notice</u>.  Having considered, among other factors, (I) the cost of giving notice by various methods, (ii) the resources of the parties, (iii) the stake of each Class Member, and (iv) the likelihood that significant numbers of Class Members might desire to exclude themselves from the Class or appear individually, the Court finds that notice given in the form and manner provided above in this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise Class Members (a) of the pendency of the Consolidated Cases, (b) of their right to exclude themselves from the proposed settlement, (c) that any judgment, whether favorable or not, will include all Class Members who do not request exclusion, and (d) that any Class Member who does not request exclusion may object to the settlement in writing, and, if he or she desires, and at his or her own expense, the Class Member may enter his or her appearance and attend the Fairness Hearing, either personally or through counsel.  The Court further notes that the Mailing Notice and Publication Notice provided in the Settlement Agreement are written in simple language and should be readily understandable by Class Members. In sum, the Court finds that such Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of applicable law and is hereby approved by the Court.

13. <u>Exclusion from the Class</u>.  Any potential Class Member who wishes to be excluded from the Settlement must timely submit a properly completed request for exclusion in accordance with the Notice.  The original requests for exclusion shall be filed with the Court by the Class Administrator at or before the Fairness Hearing.  Any potential Class Member who does not file a timely written request for exclusion shall be bound by the settlement and by all subsequent proceedings, orders and judgments in the Consolidated Cases, even if such person has pending or subsequently initiates litigation against Progressive relating to the matters or the claims released in the Actions.

14. <u>Objections to Settlement</u>.  Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, or to Class Counsel's application for attorneys' fees and expenses, must serve on Plaintiffs' Lead Counsel and Defendants' counsel and file with the Court, no later than 23 days before the Fairness Hearing or as the Court otherwise may direct, (I) a statement of the objection and the specific reason(s) for each objection, including any legal support that the Class Member wishes to bring to the Court's attention, (ii) a copy of any documentary evidence, and (iii) a brief summary of any testimonial

evidence the Class Member wishes to introduce in support of the objection.  Service on counsel shall be directed as follows:

<u>Lead Counsel for Plaintiffs</u>:
Terry A. Smiljanich, Esq.
James, Hoyer, Newcomer & Smiljanich, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609

<u>Counsel for Defendants</u>:
Barry Richard, Esq.
Greenberg Traurig PA
101 East College Avenue
Tallahassee, Florida 32301

Class Members may submit objections either on their own or through an attorney hired at their own expense.  If a Class Member hires an attorney to represent him or her, the attorney must (I) file a notice of appearance with the Clerk of Court no later than 23 days before the Fairness Hearing or as the Court otherwise may direct, and (ii) serve a copy of the notice on Plaintiff's Lead Counsel and Progressive's counsel no later than 23 days before the Fairness Hearing.

Any Class Member who files and serves a written objection, as provided above, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to any other aspect of the proposed settlement, or to the application for attorneys' fees, costs and expenses or the payments, if any, to named Plaintiffs.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must serve on Plaintiff's Lead Counsel and Progressive's counsel

and file with the Court, no later than 23 days before the Fairness Hearing or as the Court otherwise may direct, a notice of their intention to appear at the Fairness Hearing.

Any Class Member who fails to comply with the provisions of the preceding paragraphs shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Consolidated Cases. Submission of a claim form shall not waive a Class Member's right to object as set forth herein.

15. <u>Preliminary Injunction</u>.  All Class Members who have not timely excluded themselves from the Class are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand, or proceeding against the Settling Defendants in any jurisdiction that is based on or related to, directly or indirectly, the claims arising from or relating to conduct alleged against the Settling Defendants in the Consolidated Cases.

16. <u>Service of Papers</u>.  Counsel for the Parties shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by Class Members. Counsel for the Parties shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Fairness Hearing.

17. <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as they existed immediately before this Court entered this Order, if (I) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Stipulation of Settlement, or (ii) the proposed settlement is terminated

in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, and except as provided therein, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating thereto, including this Order, shall be used or referred to for any purpose whatsoever.

18. <u>Use of Order</u>. This Order shall be of no force or effect if the settlement does not become final and nothing in this Order shall be construed or used as an admission, concession or declaration by or against any Settling Defendant, of any fault, wrongdoing, breach or liability. Nor shall this Order be construed by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have.

**DONE AND ORDERED** this ___15th___ day of September, 2004.

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge