UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

| | |
|---|---|
| IN RE PROGRESSIVE CORPORATION INSURANCE UNDERWRITING AND RATING PRACTICES LITIGATION | ) MDL Docket No. 1519<br>) Consolidated Cases:<br>) No. 1:00-210; No. 5:02-2384<br>) No. 3:01-1465; No. 3:02-2552;<br>) No. 3:03-1176; and No. 4:05-<br>) 1647 |

## PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT

### SUMMARY AND OVERVIEW

1. This is a class action on behalf of all Oregon purchasers of automobile insurance from defendants and their affiliates from October 2, 1999 to May 7, 2003 (the "Class Period").

2. Defendants and their affiliates sell automobile insurance in Oregon and in other states.

3. Since at least October 2, 1999, defendants have used information contained in consumer reports when underwriting policies for automobile insurance in Oregon. Defendants have taken adverse actions with respect to plaintiffs and those similarly situated based on this information, but failed to provide the notification of the adverse action as required by the Fair Credit Reporting Act, 15 U.S.C. §1681.

### JURISDICTION AND VENUE

4. Jurisdiction is conferred by 15 U.S.C. §1681. The claims asserted herein arise under 15 U.S.C. §1681.

{SSBLS Main Documents\7140\001\00103282;1 }

Page 1 – **PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT**

5. Venue is proper in the District of Oregon pursuant to 15 U.S.C. §1681. Defendants do business in the District of Oregon and the insurance policies involved in this case were issued in the District of Oregon.

## BACKGROUND TO THE CLASS PERIOD

6. Based on information and belief, at least by October 2, 1999, defendants began using consumer report information to underwrite automobile insurance policies in Oregon.

## FIRST CLAIM FOR RELIEF
### For Violation of 15 U.S.C. §1681

7. Plaintiffs incorporate paragraphs 1 through 6 by reference.

8. Plaintiffs Sharele Dikeman and Richard Lulow, and all others similarly situated, purchased automobile insurance policies from defendants and their affiliates during the Class Period. Defendants took an adverse action with respect to underwriting the policies of Ms. Dikeman and Mr. Lulow, and all others similarly situated, based on information contained in a consumer report.

9. 15 U.S.C. §1681(m) requires users of consumer reports to provide oral, written or electronic notice of any adverse action taken with respect to any consumer that is based in whole or in part on information obtained in a consumer report.

10. Defendants willfully failed to notify plaintiffs, and all others similarly situated, of the adverse action.

11. 15 U.S.C. §1681(n) provides that any person who willfully fails to comply with any requirement imposed under §1681(n) is liable to the consumer for damages of not less than $100 and not more than $1,000. Accordingly, plaintiffs, and all those similarly situated, are entitled to recover statutory damages.

{SSBLS Main Documents\7140\001\00103282;1 }

Page 2 – **PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT**

12. 15 U.S.C. §1681(n) provides that the cost of the action together with reasonable attorney fees as determined by the court are also recoverable by the plaintiffs, and all others similarly situated.

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Oregon residents who purchased automobile insurance policies from defendants and their affiliates from October 2, 1999 to May 7, 2003.

14. The members of the Class are so numerous that joinder of all members is impracticable. During the Class Period, defendants and their affiliates issued hundreds of policies. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

15. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

    (a) Whether the underwriting practices of defendants constitute adverse actions under the Fair Credit Reporting Act;

    (b) Whether 15 U.S.C. §1681 was violated by defendants;

16. Plaintiffs' claims are typical of those of the Class because plaintiffs and the Class failed to receive notification of the alleged adverse actions as required by the Fair Credit Reporting Act.

{SSBLS Main Documents\7140\001\00103282;1 }

Page 3 – **PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

17. Plaintiffs will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiffs have no interests which conflict with those of the Class.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

A. Declaring this action to be a proper class action pursuant to Rule 23;

B. Awarding plaintiffs and the members of the class statutory damages, attorney fees and costs; and

C. Awarding such other legal and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED this _____ day of January, 2006.

                STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

                By: _____
                   **N. ROBERT STOLL**, OSB No. 69165
                   **STEVE D. LARSON**, OSB No. 86354
                   **DAVID F. REES**, 94513
                   Telephone: (503) 227-1600
                   Facsimile: (503) 227-6840

                and

                **CHARLES A. RINGO**, OSB No. 89346
                Telephone: (503) 643-7500
                Facsimile: (503) 644-4754
                Attorneys for Plaintiffs

{SSBLS Main Documents\7140\001\00103282;1 }

Page 4 – **PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT**