IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE: THE PROGRESSIVE
INSURANCE CORPORATION
UNDERWRITING AND RATING
PRACTICES LITIGATION

CASE NO. 1:03-cv-01519-MP-AK

AMENDED ORDER PRELIMINARILY APPROVING AMENDED SETTLEMENT AND
CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE
OF CLASS NOTICE, AND SCHEDULING A FAIRNESS HEARING

This matter came before the Court upon Plaintiffs' amended motion for entry of an order (i) preliminarily approving the Amended Settlement and certifying a class for settlement purposes, (ii) directing issuance of a Notice of Class Action Settlement, and (iii) scheduling a Fairness Hearing.[1]  This multidistrict litigation includes the following Consolidated Cases:

a.) Cathryn Smith, et al. v. Progressive Corp., et al., Case No. 1:00-CV-210-MMP (N.D. Fla.);

b.) Paul K. Cooley, et al. v. Progressive Ins. Co., Case No. CV 5:02 2384-S (W.D. La.);

c.) Sharele Dikeman, et al. v Progressive Corp., Case No. 3:01-01465-BR (D. Ore);

d.) Sharele Dikeman, et al. v. Progressive Halcyon, et al., Case No. 3:03cv00302 (D. Ore);

e.) Timothy James Carlson v. Progressive Ins. Co., Case No. 3:02-CV-2552 (N.D. Tex.);

f.) Gloria Warren v. Progressive Casualty Ins. Co., Case No. 3:03-1176 (N.D.Ala.);

g.) Seth Silverman, et al. v. The Progressive Corp., et al., Case No. 4:05-CV-1647 (S.D. Tex.);

h.) Ruby Johnson, et al. v. The Progressive Corp., et al., Case No. 2:05-CV-1900 (E.D. La.); and

---

[1]The definitions in the Amended Settlement for all defined capitalized terms are incorporated herein by reference.

i.) Julius Dunmore, et al. v. The Progressive Corp., Case No 1:05-CV-150-SPM (N.D. Fla.).

Plaintiffs in the Consolidated Cases alleged, among other things, that Progressive[2] violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") by not providing proper notice of adverse action to Policyholders and Quotation Recipients that were denied insurance coverage, had insurance coverage cancelled, or were charged or quoted higher premiums based in whole or in part on information contained in their Consumer Reports. Plaintiffs sought compensatory damages for negligent violations of the FCRA, punitive damages, and statutory damages for willful violations of the FCRA, and injunctive and declaratory relief.

Certain parties, through their respective counsel, conducted intensive investigation and more than six years of litigation of this matter, including extensive document discovery and depositions of fact and expert witnesses. Class Counsel, on behalf of the named Plaintiffs and Class members, have made a thorough investigation of the facts and circumstances underlying the issues raised in this case, the applicable law and the relative strengths of their claims. As a

---

[2] The Progressive Corporation, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, Progressive Classic Insurance Company, Progressive Halcyon Insurance Company, Progressive Universal Insurance Company of Illinois, Mountain Laurel Assurance Company, National Continental Insurance Company, Progressive Hawaii Insurance Corporation, Progressive American Insurance Company, Progressive Bayside Insurance Company, Progressive Mountain Insurance Company, Progressive Northeastern Insurance Company, United Financial Casualty Company, Progressive Gulf Insurance Company, Progressive Home Insurance Company, Specialty Risk Insurance Company, Progressive Max Insurance Company, Progressive Consumers Insurance Company, Progressive West Insurance Company, Progressive Northern Insurance Company, Progressive Northwestern Insurance Company, Progressive Preferred Insurance Company, Progressive Paloverde Insurance Company, Progressive Express Insurance Company, Progressive Premier Insurance Company of Illinois, Progressive Southeastern Insurance Company, Progressive County Mutual Insurance Company, Progressive Michigan Insurance Company, Progressive Marathon Insurance Company, Progressive Security Insurance Company, and their affiliated companies ("Defendants" or "Progressive").

result of their investigation and after a period of arms' length negotiations with the Progressive, certain Class Counsel reached the conclusion that it was desirable and in the best interests of the Class members that the lawsuit be settled on the terms and conditions set forth in the Amended Settlement. (Exhibit A).[3]

Plaintiffs in the *Smith*, *Cooley*, and *Warren* actions, together with their Class Counsel, have agreed to the Amended Settlement based on: (i) the substantial benefits to Plaintiffs and the Class under the terms of the Amended Settlement; (ii) the uncertainty of being able to prove all of the allegations raised in the Consolidated Cases, and the uncertainty of being able to overcome Progressive's legal and factual defenses thereto; (iii) the attendant uncertainties and risks of litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; (iv) the uncertainty inherent in various theories of damages, even if Plaintiffs could establish Progressive's liability; and (v) the desirability of consummating the Amended Settlement promptly, in order to provide effective relief to Plaintiffs and the Class as soon as possible.

The *Smith*, *Cooley*, and *Warren* Plaintiffs and their Class Counsel believe that the Amended Settlement is fair, reasonable and adequate because it provides substantial benefits to and is in the best interests of the Class. Progressive has expressly denied the Plaintiffs' allegations and has asserted numerous defenses to Plaintiffs' claims. Progressive does not admit liability to any Class member and does not admit liability in any case for any of Plaintiffs' allegations. Further, Progressive denies any wrongful conduct toward Plaintiffs or the Class, and

---

[3] The Amended Settlement Agreement, Doc. 193, is hereby incorporated in full by reference.

asserts that the alleged wrongful actions were lawful in all respects.

Progressive and its counsel have agreed to the Amended Settlement based upon: (i) Progressive's desire to address any dissatisfaction that its Current Policyholders, Former Policyholders and Quotation Recipients may have with respect to disclosures allegedly required to be made by Progressive pursuant to the FCRA by providing to them benefits to fairly, adequately and reasonably compensate them for any claims they may have (without acknowledging the validity of any such claims) as set forth in the Amended Settlement; and (ii) the desirability of avoiding the further expense and disruption of its business due to the pendency of the Consolidated Cases and putting to rest similar allegations that could be raised against Progressive in other time-consuming and expensive litigation.

NOW, THEREFORE, based upon the foregoing and upon reviewing the Amended Settlement, upon reviewing all prior proceedings held herein, and having heard argument of counsel and otherwise being fully advised in the premises, with the consent of the Progressive, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Jurisdiction.  This Court has jurisdiction over the subject matter of these Consolidated Cases, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and over the parties hereto and the Class.

2. Class Representatives.  Plaintiffs Cathryn Smith, Margaret Jones, Laura Sprague, Paul K. Cooley, and Gloria Warren are hereby preliminarily designated as representatives of the Class, as defined below, for the sole purpose of seeking an amended settlement of the Consolidated Cases, and shall be referred to as "Plaintiffs" or the "Class Representatives."

3. Lead Counsel.  The Court appoints Terry A. Smiljanich, Esq., James, Hoyer,

Newcomer & Smiljanich, P.A., One Urban Centre, Suite 550, 4830 West Kennedy Boulevard, Tampa, Florida 33609 as Lead Counsel for the Class.

    4.  <u>Preliminary Class Findings.</u>  For purposes of this Amended Settlement (and only for such purposes and without an adjudication of the merits), it appears that the requirements of applicable law for preliminary certification of the Class, as defined below, including Rule 23 of the Federal Rules of Civil Procedure, have been met in that:

    A.  The Class consists of several million Current Policyholders, Former Policyholders and Quotation Recipients, and, therefore, the members of the Class throughout the United States are so numerous that joinder of all members is impracticable.

    B.  There is a well-defined community of interest among members of the Class in that certain issues of law and fact raised by Plaintiffs are common to the Class and are substantially similar. Among the common issues are the following: (i) Whether the Adverse Action Notice sent to certain members of the Class satisfied the notice requirements set forth in 15 U.S.C. § 1681m; (ii) whether Progressive negligently violated the adverse action notice requirements of the FCRA; (iii) whether Progressive willfully violated the Adverse Action Notice requirements of the FCRA; (iv) whether the members of the Class are entitled to an award of punitive damages; (v) whether the members of the Class are entitled to recover statutory damages; and (vi) whether members of the Class are entitled to common damages for negligent violations of the FCRA, based on the lost value of the opportunity to receive a free copy of the consumer report. These common issues appear to predominate over issues affecting only individual members of the Class.

    C.  The claims of the Class Representatives appear to be typical of the claims of the

Class. The Class Representatives will fairly and adequately protect the interests of the Class in that: (i) the interests of the Class Representatives are consistent with those of the Class; (ii) there are no conflicts between the Class Representatives and the Class; (iii) the Class Representatives have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Consolidated Cases; and (iv) the Class Representatives and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, including those involving the sort of FCRA claims alleged in the Consolidated Cases.

    D.  A settlement of the Consolidated Cases in the manner proposed by the Amended Settlement appears to be superior to other available methods for the fair and efficient adjudication of the Consolidated Actions.

    In making these preliminary findings, the Court has considered, among others, the following factors: (i) the interests of the members of the Class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning these claims already commenced by or against members of the Class; and (iii) the desirability of concentrating the litigation of the claims in a particular forum.

    5.  <u>Preliminary Class Certification for Settlement Purposes.</u>  A national class for settlement purposes is hereby preliminarily certified consisting of:

All residents of the United States of America who are members of Sub-Class A or Sub-Class B, defined as follows:

> <u>Sub-Class A</u>: shall include all Current Policyholders and Former Policyholders where (I) such Policyholders would have received a lower premium rate from Progressive or would not have had a policy canceled but for the information contained in a Consumer Report and (ii) the Policy inception date for the Current Policyholder or Former Policyholder occurred between January 1, 1997 and December 1, 2004;

*Case No: 1:03-cv-01519-MP-AK*

    <u>Sub-Class B</u>: shall include all Quotation Recipients who received a no obligation quote from Progressive from January 1, 1997 to the Preliminary Approval Date.

(collectively, the "Class").

    6. <u>Findings Regarding Proposed Amended Settlement.</u>  The Court finds that: (i) the proposed Amended Settlement resulted from extensive arms' length negotiations and was concluded only after counsel for Plaintiffs had (a) conducted broad discovery and taken the depositions of employees or agents of Progressive, and (b) conducted a comprehensive independent investigation before and throughout the litigation; and (ii) the proposed Amended Settlement evidenced by the Amended Settlement is sufficient to warrant (a) notice thereof as set forth below, and (b) a full hearing on the Amended Settlement.

    On February 23, 2005, this Court entered an order refusing to give final approval to the Parties' first settlement agreement. In that Order, this Court identified specific areas of the first settlement agreement with which it found fault. The Parties have addressed this Court's concerns in their Amended Settlement. The Court finds that the deficiencies addressed in its February 23, 2005 Order have been addressed or corrected.

    7. <u>Fairness Hearing.</u>  A hearing (the "Fairness Hearing") will be held on August 23, 2006, at 10:00 a.m. in the courtroom of the Honorable Maurice Paul, U.S. District Courthouse, 401 S.E. First Avenue, Gainesville, Florida 32601, to determine: (i) whether the Class should be finally certified; (ii) whether the Amended Settlement should be approved as fair, reasonable and adequate; (iii) whether the Consolidated Cases should be dismissed with prejudice pursuant to the terms of the Amended Settlement; (iv) whether Class Members should be bound by the release set forth in the Amended Settlement; (v) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing,

prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, the actions, claims and causes of action that were raised, or could have been raised, in the Consolidated Cases; and (vi) whether the application of Class Counsel for payment of attorneys' fees, costs and expenses should be approved.

8. <u>Retention of Class Administrators.</u>  The Court authorizes Progressive to retain one or more Class Administrators to help implement the terms of the proposed Amended Settlement, and authorizes such Class Administrators to assist the parties in (i) mailing the Mailing Notice, (ii) publishing the Publication Notice, (iii) maintaining the Website, and (iv) carrying out such other responsibilities as are provided for in the Amended Settlement or may be agreed to by the Parties.

9. <u>Notice by Mail.</u>  No later than 45 days after the date of this Order, Progressive shall cause the Class Administrator, at Progressive's expense, to mail the Mailing Notice in accordance with the Amended Settlement. The Court authorizes for use the Mailing Notice substantially in the form attached as Exhibit B.

10. <u>Notice by Publication.</u>  In addition to mailing the Class Notice, the Parties shall publish a notice of the proposed Amended Settlement (the "Publication Notice"), the Fairness Hearing and Class Members' exclusion rights in the national editions of Parade Magazine, USA Today, USA Weekend, and Vista. The Publication Notice shall be published no later than 60 days after the date of this Order. The Court authorizes for use the Publication Notice substantially in the form attached as Exhibit C.

11. <u>Proof of Mailing and Publication.</u>  On or before the Fairness Hearing, Progressive or

the Class Administrator shall file with the Court an affidavit affirming that the Mailing Notice was timely and properly mailed as directed and that the Publication Notice was timely and properly published as directed.

    12. <u>Findings Concerning Notice.</u>  Having considered, among other factors, (i) the cost of giving notice by various methods, (ii) the resources of the parties, (iii) the stake of each Class member, and (iv) the likelihood that Class members might desire to exclude themselves from the Class or appear individually, the Court finds that notice given in the form and manner provided above in this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise Class members (a) of the pendency of the Consolidated Cases, (b) of their right to exclude themselves from the proposed Amended Settlement, (c) that any judgment, whether favorable or not, will include all Class members who do not request exclusion, and (d) that any Class member who does not request exclusion may object to the Amended Settlement in writing, and, if he or she desires, and at his or her own expense, the Class member may enter his or her appearance and attend the Fairness Hearing, either personally or through counsel. The Court further notes that the Mailing Notice and Publication Notice provided in the Amended Settlement are written in simple language and should be readily understandable by Class Members. In sum, the Court finds that such Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of applicable law and is hereby approved by the Court.

    13. <u>Exclusion from the Class.</u>  Any potential Class member who wishes to be excluded from the Amended Settlement must submit a properly completed request for exclusion in accordance with the Notice by August 1, 2006. The original requests for exclusion shall be filed

with the Court by the Class Administrator at or before the Fairness Hearing. Any potential Class member who does not file a timely written request for exclusion shall be bound by the Amended Settlement and by all subsequent proceedings, orders and judgments in the Consolidated Cases, even if such person has pending or subsequently initiates litigation against Progressive relating to the matters or the claims released in the Actions.

14. <u>Objections to Amended Settlement.</u>  Any Class member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Amended Settlement, or to Class Counsel's application for attorneys' fees and expenses, must serve on Plaintiffs' Lead Counsel and Defendants' counsel and file with the Court, no later August 1, 2006, or as the Court otherwise may direct, (i) a statement of the objection and the specific reason(s) for each objection, including any legal support that the Class member wishes to bring to the Court's attention, (ii) a copy of any documentary evidence, and (iii) a brief summary of any testimonial evidence the Class Member wishes to introduce in support of the objection. Service on counsel shall be directed as follows:

<u>Lead Counsel for Plaintiffs:</u>
Terry A. Smiljanich, Esq.
James, Hoyer, Newcomer & Smiljanich, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609

<u>Counsel for Defendants:</u>
Barry Richard, Esq.
Greenberg Traurig PA
101 East College Avenue
Tallahassee, Florida 32301

Class members may submit objections either on their own or through an attorney hired at their own expense. If a member of the Class hires an attorney to represent him or her, the

attorney must (i) file a notice of appearance with the Clerk of Court no later than August 11, 2006, and (ii) serve a copy of the notice on Plaintiff's Lead Counsel and Progressive's counsel no later than August 11, 2006.

Any member of the Class who files and serves a written objection, as provided above, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class member's expense, to object to the fairness, reasonableness, or adequacy of the Amended Settlement or to any other aspect of the proposed Amended Settlement, or to the application for attorneys' fees, costs and expenses or the payments to Class Counsel. Members of the Class or their attorneys, intending to make an appearance at the Fairness Hearing must serve on Plaintiff's Lead Counsel and Progressive's counsel and file with the Court, no later than August 1, 2006, a notice of their intention to appear at the Fairness Hearing.

Any member of the Class who fails to comply with the provisions of the preceding paragraphs shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Amended Settlement and by all proceedings, orders and judgments in the Consolidated Cases. Submission of a claim form shall waive a Class Member's right to object as set forth herein.

15. <u>Preliminary Injunction.</u>  All members of the Class who have not timely excluded themselves from the Class are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit, claim, demand, or proceeding against the Progressive in any jurisdiction that is based on or related to, directly or indirectly, the claims arising from or relating to conduct alleged against the Progressive in the Consolidated Cases.

16. <u>Service of Papers.</u>  Counsel for the Parties shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed Amended Settlement, including responses to any papers filed by Class Members. Counsel for the Parties shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Fairness Hearing.

17. <u>Motion for Attorneys' Fees.</u>  Class Counsel shall file a motion for attorneys' fees within 20 days of the date of this Order. Class Counsel shall file a memorandum in support of the motion for attorneys' fees no later than July 14, 2006.

18. <u>Termination of Amended Settlement.</u>  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as they existed immediately before this Court entered this Order, if (i) the proposed Amended Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Amended Settlement, or (ii) the proposed Amended Settlement is terminated in accordance with the Amended Settlement or does not become effective as required by the terms of the Amended Settlement for any other reason. In such event, and except as provided therein, the proposed settlement and Amended Settlement shall become null and void and be of no further force and effect. Should the Amended Settlement become null and void, neither the Amended Settlement nor the Court's orders relating thereto, including this Order, shall be used or referred to for any purpose whatsoever.

19. <u>Use of Order.</u>  This Order shall be of no force or effect if the Amended Settlement

does not become final and nothing in this Order shall be construed or used as an admission, concession or declaration by or against any Settling Defendant, of any fault, wrongdoing, breach or liability. Nor shall this Order be construed by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have.

**DONE AND ORDERED** this   23rd   day of June, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge