IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE: THE PROGRESSIVE
INSURANCE CORPORATION
UNDERWRITING AND RATING
PRACTICES LITIGATION

CASE NO. 1:03-cv-01519-MP-AK

**O R D E R**

This matter is before the Court on Doc. 370, Motion for Stay of Award of Attorney's Fees and Costs Pending Appeal, filed by Michael A. Caddell and the law firm of Caddell & Chapman. The Class Plaintiffs, through Terry Smiljanich, have filed a Memorandum in Opposition. Doc. 386. A hearing on this matter was held on Friday, February 9, 2007. In the Order Approving and Adopting Amended Settlement, Dismissing Consolidated Cases with Prejudice, and Directing Entry of Final Judgment, Doc. 359, Mr. Caddell and his law firm were ordered to pay attorney's fees and costs in the amount of $107,490.62 to Terry Smiljanich, counsel for the Class Plaintiffs. Mr. Caddell and Caddell & Chapman are appealing this portion of the order, Doc. 368, and in the instant motion request the Court to stay the fee award pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, and further request that any stay not require the posting of a supersedeas bond

Generally, a supersedeas bond in the full amount of the judgment is required to stay the execution of a judgment, and an appellant seeking a stay of judgment pending appeal without a bond has the burden of providing specific reasons for departure from the standard requirement. A supersedeas bond serves to secure "the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."

Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979).  Rule 62(d) provides that an appellant may obtain a stay by giving a supersedeas bond, and that the "stay is effective when the supersedeas bond is approved by the court."  FED. R. CIV. P. 62(d).  In its discretion, a court may stay a judgment without requiring an appellant to post a supersedeas bond.  In determining whether to stay a judgment pending appeal without the requirement of a supersedeas bond, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

  Mr. Caddell states that he and the firm of Caddell & Chapman are solvent and have assets far in excess of $107,490.62, and therefore a supersedeas bond is unnecessary.  Further, Mr. Caddell states that as an attorney and officer of the court, he faces greater consequences than a normal appellant should he fail to satisfy the judgment.  In response, Mr. Smiljanich contends that these reasons do not demonstrate exceptional circumstances warranting departure from the ordinary requirement of posting a full security supersedeas bond, and he requests that any stay be conditioned on the posting of a supersedeas bond in the amount of $107, 490.62, plus $8,000 interest.

  Although recognizing the duties and ethical obligations of attorneys, the Court finds that Mr. Caddell and his firm have not demonstrated sufficient reasons as to why they should not post a full supersedeas bond.  Mr. Caddell and the firm of Caddell & Chapman do not allege that posting such bond would be impossible or impractical, that they are likely to succeed on the

merits of their appeal, or any other exceptional circumstances justifying departure from the standard requirement.  Therefore, the request of Mr. Caddell and the Caddell firm for a stay of the judgment without a supersedeas bond is denied, and the request for a stay pending appeal is granted, conditioned on the posting of a supersedeas bond in the amount of $107, 490.62, plus $8,000 interest.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Motion for Stay of Award of Attorney's Fees and Costs Pending Appeal, Doc. 370, is granted in part and denied in part;

2. The execution of, or any proceedings to enforce, that part of the judgment rendered on January 4, 2007, ordering Michael A. Caddell and the law firm of Caddell & Chapman to pay $107,490.62 in attorney's fees and costs to Terry Smiljanich is stayed pending disposition of the appeal of this award, conditioned on the filing and approval of a full security supersedeas bond ;

3. Defendant shall file cash or a bond in the amount of $115,490.62, with a surety approved by the Court, on or before March 16, 2007, conditioned on the satisfaction of the above-described judgment.

**DONE AND ORDERED** this   *13th* day of February, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge