**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:

| | | |
|---|---|---|
| THE PROGRESSIVE CORPORATION | ) | MDL Docket No.: 1519 |
| INSURANCE UNDERWRITING & | ) | Consolidated Cases: |
| RATING PRACTICES LITIGATION | ) | (No. 1:00-210; No. 5:02-2384) |
| | | (No. 3:01-1465; No. 3:02-2552) |

**MOTION FOR ORDER SETTING APPELLATE BOND FOR COSTS**

Class Plaintiffs request that pursuant to FED. R. APP. P. 7, this Court set a cost bond in connection with the Notice of Appeal filed by Objectors Dunmore and Fetcher (collectively referred to herein as "Objectors") on October 29, 2008. (Docket No. 517). It is requested that the Objectors be required to post an appellate bond for costs of $500,000.00 in order to prosecute their frivolous appeal. In support of this Motion, the following Memorandum of Law is submitted.

**MEMORANDUM OF LAW**

**A.   BACKGROUND**

On October 1, 2008, in accordance with the Eleventh Circuit mandate, this Court entered an Order setting forth detailed findings of fact and conclusions of law to support its award of $3,000,000.00 in fees and costs to Class Plaintiffs' attorneys. (Docket No. 506). This award of fees and costs was fully consistent with the Settlement Agreement executed in 2006, and fully consistent with the Class Notice sent to all Class Members. (Docket No. 204). A final hearing had been held on the class settlement on August 23 and 24, 2006. This Court approved the Settlement Agreement on January 3, 2007. (Docket No. 359). The order approving the settlement as fair and reasonable was affirmed by the Eleventh Circuit on March 25, 2008. The

matter was remanded to this Court only for entry of a further order detailing the grounds for the setting of fees and costs.

On September 19, 2008, Dunmore and Fetcher filed a motion seeking the setting of a further fairness hearing on the issue of fees. (Docket No. 504). This Court denied the motion, noting that a fairness hearing had already been held on all matters relating to the settlement, including the value of the settlement and the reasonableness of the fee award. (Docket No. 506). The Notice of Appeal filed now by Dunmore and Fetcher appeals the October 1, 2008 Order, including its setting of fees and costs and its denial of the motion for a further fairness hearing. (Docket No. 517).

Dunmore and Fetcher never filed any motion, objection or request with the District Court seeking the setting of Class counsel fees in **any** amount other than that set forth in the approved Settlement Agreement. The only portion of the Court's October 1, 2008 Order which had previously been addressed by them was their nonsensical request for a second "fairness hearing." On October 14, 2008, counsel for Dunmore and Fetcher demanded $500,000.00 in fees from undersigned lead Class Counsel (for himself and four other "co-counsel"). Mr. Bacharach specifically stated to undersigned counsel that he was not seeking these fees as an "objector" to the settlement, but rather as counsel for two class members (Dunmore and Fetcher) to be paid from the $3,000,000.00 award.[1] It is crystal clear that what counsel wants is an apportionment of the total fees awarded to, and to be received by, Class Counsel. That is in fact the *modus operandi* of these objectors, and this appeal is simply a further stage in their unending attempt to obtain fees for themselves out of the Class Settlement which they so strenuously and unsuccessfully attempted to derail for so many years. Although these objectors never once asked

---

[1] *See* Declaration of Terry Smiljanich attached hereto as Exhibit A.

the District Court for any apportionment of the total fees awarded, they now are appealing the setting of the total class fees and thus jeopardizing the timely payment of those long due fees. Their motives are transparent.

**B.     ARGUMENT**

**1.     THE COURT HAS THE POWER TO REQUIRE OBJECTORS TO POST A BOND AS A CONDITION TO PROSECUTING AN APPEAL**

In order "to protect the rights of appellees brought into appeals courts," FED. R. APP. P. 7 empowers the District Court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." FED. R. APP. P. 7; *Pedraza v. United Guaranty Corporation*, 313 F.3d 1323, 1332 (11th Cir. 2002) (quoting *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998)). An appellate bond for costs is prospective in nature in that it protects appellees from "the potential expenses of litigating an appeal." *Adsani,* 139 F.3d at 70, n.2.

Specific to the class action context, "[f]ederal courts have required an appeal bond from appellants…as a condition of maintaining objector appeals of class action settlements or attorneys' fee awards." *In re Heritage Bond Litig.,* No. 02-382, WL 2401111, at *4 (C.D. Cal. Sept. 12, 2005) (citing *In re Cardizem CD Antitrust Litig.,* 391 F.3d 812, 814 (6th Cir.2004); *See also In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003)). An appeal bond is appropriate and necessary in this case to protect the Class Plaintiffs from the primary effect of Dunmore and Fetcher's frivolous and vexatious appeal – the hijacking of the settlement process solely for the Objectors' pecuniary gain. *See Allapattah Services, Inc., v. Exxon Corporation,* Case No. 91-0986, 2006 WL

1132371, at *18 (S.D. Fla. April 7, 2006) (Recognizing "the highly detrimental impact of an appeal of the settlement agreement as to the entire class").

### 2. THE OBJECTORS' APPEAL IS FRIVOLOUS AND WILL RESULT IN SANCTIONS

The Court should use its discretionary power to set an appellate cost bond due to the complete frivolousness of the appeal filed by Dunmore and Fetcher. The appeal is totally without merit and filed only for the purpose of extracting from Class Counsel a portion of the fees to be paid by Defendant Progressive. The defense of this frivolous appeal will cost Class Plaintiffs additional fees and costs, as well as lost interest on the money at issue. The Notice of Appeal is nothing more or less than a veiled attempt at forcing weary counsel to give up and pay a portion of the fees they have already earned herein, filed by counsel who is known for such tactics. As such, the setting of an appeal bond is consistent with case law and with the equities involved in this matter.

As to that portion of the October 1, 2008 Order setting Class Counsel's attorneys' fees and costs, the Objectors completely lack standing to appeal. Dunmore and Fetcher have never once addressed any objection, motion or request to this Court seeking any reduction in the full amount of fees and costs as authorized by the approved Settlement Agreement. Their objection to the settlement, filed on August 11, 2006, did not object in any way to the setting of fees and costs under the Settlement Agreement. (Docket No. 286). Rather, Dunmore and Fetcher only addressed the alleged unfairness and unreasonableness of the class relief. Importantly, in open court at the oral argument before the Eleventh Circuit on March 13, 2008, counsel for Dunmore and Fetcher specifically conceded that they were not objecting to the setting of fees and costs. Having never objected to the setting of fees in accordance with the Settlement Agreement, and

having never filed a single motion with the District Court seeking to have fees set in any other amount, Dunmore and Fetcher have waived their fee objections and thus cannot suddenly seek to reverse the Court's order in that regard. Per the terms of the Class Notice, the time for objecting to the attorneys' fee passed once the fairness hearing was completed – thus, Objectors attempt to do so now is utterly frivolous.

Even if Dunmore and Fetcher had not waived their fee arguments, at least one Eleventh Circuit District Court, recognizing United States Supreme Court precedent, has held that an objector "*will only be allowed to appeal that aspect of the District Court's order that affects him.*" *Allapattah Services*, 2006 WL 1132371, at *17 (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 6, 122 S. Ct. 2005, 2009 (2002)). Further, the Eleventh Circuit has noted that an objectors' appeal is not warranted where the "Objectors do not seek to protect their own property, their allotment from an award or settlement, or any other cognizable legal right or interest." *AAL High Yield Bond Fund v. Deloitte & Touche LLP,* 361 F.3d 1305, 1311 (11th Cir. 2004). Here, Dunmore and Fetcher have already lost their appeals as to the settlement's fairness – thus, their challenge to their allotment from the settlement has been unsuccessfully concluded. Now, Dunmore and Fetcher seek to challenge the setting of attorneys' fee and costs – a matter completely separate from their allotment of the settlement. Under Eleventh Circuit case law, they lack standing to prosecute the appeal in question.

Notably, it is rather ironic that Dunmore and Fetcher are demanding $500,000.00 in fees for their unsuccessful work in this case while, at the same time, suddenly claiming that $3,000,000.00 is excessive for Class Plaintiffs' almost eight years of complex litigation. Having waived their objection to the attorneys' fees, the Eleventh Circuit may well find Dunmore and

5

Fetcher's appeal frivolous and sanction their attorneys in turn. *See Taubenfeld v. AON Corp.* 415 F.3d 597, 599 (7th Cir. 2005) (Noting that objector waived his argument as to attorneys' fees by not raising it at the settlement's fairness hearing). In light of these facts, it is quite necessary that Dunmore and Fetcher be made to post an appeal bond.

As to that portion of the October 1, 2008 Order denying Objectors' motion to set another fairness hearing, any appeal there from is equally devoid of merit. As the Court noted, a full fairness hearing was held after millions of class notices were sent out – informing all class members of the settlement details together with the amount of fees and costs which Class Counsel were seeking to be paid by Defendant Progressive. This Court's order of January 3, 2007 approving the settlement and the Court's Order of October 1, 2008 setting forth findings and conclusions regarding the fees and costs were each fully consistent with the Settlement Agreement and the Class Notice received by each Class Member. Dunmore and Fetcher can point to no case even remotely supporting their unique contention that in spite of all of this a further notice to millions of Class Members, setting forth the same attorneys' fees provisions, is somehow required. They cite no support in law for so frivolous a contention.

Given the demand by counsel for Dunmore and Fetcher that he be paid $500,000.00 out of the $3,000,000.00 already awarded to Class Counsel, any appeal of the $3,000,000.00 award is exposed for what it is, an attempt by a professional objector[2] to delay even further the payment of fees and costs in a case that has been pending for eight years, in the hopes that weary and frustrated Class Counsel will simply give up and pay the objector to go away. Such motives will

---

[2] As discussed in Docket No. 505, N. Albert Bacharach (and , indeed, his client Dunmore) is a professional objector to class action settlements with a long history of delaying negotiated settlement agreements in order to extract attorneys' fees from the settling parties.

not be countenanced in the Court of Appeals and should be deemed frivolous and vexatious by this District Court.

### 3. THE AMOUNT OF THE APPELLATE BOND FOR COSTS

The amount of fees and costs to be paid to Class Counsel by Defendant will not be increased as a result of the further work necessitated by the filing of the Notice of Appeal by Dunmore and Fetcher. Thus, any and all work and costs associated with this appeal will come out of the pockets of all Class Counsel.

The Eleventh Circuit has held that a cost bond can include an amount for anticipated attorneys' fees if the underlying statute provides for fee-shifting and defines "costs" to include attorneys' fees. *Pedraza*, 313 F.3d at 1333. The underlying statute in this case was the Fair Credit Reporting Act which contains fee-shifting provisions. Of particular relevance, 15 U.S.C. § 1681o(b) and 1681n(c) provide that:

> [On a] finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper

*Id.* Thus, per the terms of the Fair Credit Reporting Act, if the court finds that Objectors' appeal was filed in bad faith or for purposes of harassment due to the reasons explored in Section (B)(2) above, then Class Counsel should be awarded reasonable attorneys' fees for defending the frivolous appeal – making the anticipated fees a valid portion of the appeal bond.

Secondly, the Eleventh Circuit has held that a District Court can use its inherent power to "assess attorney's fees [in an appeal bond] when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Pedraza*, 313 F.3d at 1335. In light of the arguments laid

out in Section (B)(2), it would be well within this Court's discretion to find that the Objectors' appeal is being taken in bad faith, vexatiously, wantonly, or for oppressive reasons. Thus, Class Plaintiffs urge this court to draw upon its inherent power to manage its affairs, to make the necessary findings of fact in this case that would permit the inclusion of attorneys' fees in the appeal bond. *See Pedraza*, 313 F.3d at 1336.

Also, Class Plaintiffs will be losing out on the interest that could have been accruing on their payment of fees each day that the fees are kept from them by Objectors. As of the filing of this motion, the remaining amounts of fees and costs to be paid to Class Counsel was $2,000,000.00. The current statutory interest rate in Florida for 2008, as set by the Department of Financial Services, is 11% per annum. Thus, an appeal that may incur yet further delay in payment for up to a year, at 11% costs Class Counsel $220,000.00. Together with the attorneys' fees and costs associated with the appeal, a cost bond is more than reasonable.

Finally, based on their demand made to Class Counsel, objectors Dunmore and Fetcher believe that they are entitled to as much as $500,000.00 out of the total fees and costs paid to Class counsel. If they truly believe that they are entitled to such, and that they stand a fair chance of recovering as much, a $500,000 bond should be of no consequence to them.

For all of the above reasons, Class Plaintiffs request an appellate bond for costs of $500,000.00 to test the mettle of Dunmore and Fetcher's motives. It is Class Plaintiffs' belief that a significant appeal bond will compel the Objectors to drop their frivolous claims so as to avoid the inevitable sanctions awaiting them in the Court of Appeals. As such, Class Plaintiffs respectfully move this Court to set an appeal bond of $500,000.00 to be jointly and severally imposed on Dunmore and Fetcher before they prosecute their appeal.

                                        JAMES, HOYER, NEWCOMER &
                                            SMILJANICH, P.A.

                                        */s/ Terry A. Smiljanich*
                                        Terry A. Smiljanich
                                        Florida Bar No. 145359
                                        One Urban Centre
                                        4830 W. Kennedy Blvd., Suite 550
                                        Tampa, FL 33609
                                        Telephone: (813) 286-4100
                                        Facsimile: (813) 286-4174

| | |
|---|---|
| Earl Underwood<br>Earl Underwood, Attorney at Law<br>21 So. Section Street<br>Fairhope, AL   36532 | Darby, Peele, Bowdoin, Payne<br>& Kennon<br>Rod Bowdoin Florida Bar No. 172237<br>P.O. Drawer 1707<br>Lake City, FL  32056 |
| David A. Szwak,<br>Bodenheimer, Jones, & Szwak<br>509 Market Street, 7th Floor<br>United Mercantile Bank Building<br>Shreveport, LA 71101 | Finkelstein & Krinsk<br>Howard Finkelstein<br>501 W. Broadway, Suite 1250<br>San Diego, CA 92101 |
| Douglas Bowdin, PA<br>Douglas Bowdoin<br>Suite 800, Citrus Center<br>255 South Orange Avenue<br>Orlando, FL 32801 | Parry Deering Futscher & Sparks<br>Ron Parry<br>128 East Second Street<br>PO Box 2618<br>Covington, KY 41012-2618 |

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the foregoing was filed using the Court CM/ECF System which will send a Notice of E Filing to all counsel of record this 4th day of November, 2008.

| | |
|---|---|
| **Barry Richard**<br>**Glenn T. Burhans**<br>**M. Hope Keating**<br>GREENBERG TRAURIG, P.A.<br>101 East College Avenue<br>Tallahassee, FL 32301<br>*Counsel for Progressive* | **Dawn Adams Wheelahan**<br>650 Poydras Street, Suite 2150<br>New Orleans, LA 70130<br>Phone: (512) 689- 1153<br>Facsimile: (512) 628-3149<br>*Counsel for Ruby Johnson* |

| | |
|---|---|
| **John M. Lusk, Jr.**<br>1842 St. Mary Street<br>Jackson, MS 39202<br>*Counsel for Alice Lusk* | **Gregory S. Coleman**<br>**Richard B. F'arrer**<br>Weil Gotshal & Manges<br>8911 Capital of Texas Highway Suite 1350<br>Austin, TX 78759<br>Phone: (512) 349-1930<br>Facsimile: (512) 527-0798<br>*Counsel for Michael A. Caddell and Caddell & Chapman* |
| **GwanJun Kim**<br>360 East Tuttle Road, Lot 54<br>Ionia, MI 48846<br>*Appearing Pro Per* | |
| **John J. Pentz**<br>Class Action Fairness Group<br>2 Clock Tower Place, Suite 260G<br>Maynard, MA 01754<br>Phone: (978) 461-1548<br>Facsimile: (707) 276-2925<br>*Counsel for Thomas and Marilyn Bell* | **N. Albert Bacharach, Jr.**<br>N. Albert Bacharach, Jr. P.A.<br>115 Northeast 6th Avenue<br>Gainesville, FL 32601<br>Phone: (352) 378-9859<br>Facsimile: (352) 338-1 858<br>*Counsel for Dunmore and Fetcher* |
| **William Kenneth C. Dippel**<br>Dippel & Davis<br>12201 Merit Drive, Suite 230<br>Dallas, TX 7525 1<br>Phone: (972) 866-9900<br>Facsimile: (972) 866-9902<br>*Counsel for Kelly Gambello* | **Michael A. Caddell**<br>Caddell & Chapman<br>1331 Laniar, Suite 1070<br>Houston, TX 77071<br>Phone: (713) 75 1-0400<br>Facsimile: (7 13) 75 1-0906<br>*Counsel for Anna Barbosa* |
| **Christine L. Beatty-Walters**<br>**Steve D. Larson**<br>**Scott A. Shorr**<br>Stoll Stoll Berne Lokting & Shlachter<br>209 SW Oak Street, Suite 400<br>Portland, OR 97204<br>Phone: (503) 227-1600<br>Facsimile: (503) 227-6840<br>*Counsel for Sharele Dikeman, Richard Lulow* | |

*s/Terry A. Smiljanich*
TERRY A. SMILJANICH

10