# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**IN RE:**

| | | |
|---|---|---|
| **THE PROGRESSIVE CORPORATION** | ) | **MDL Docket No.: 1519** |
| **INSURANCE UNDERWRITING &** | ) | **Consolidated Cases:** |
| **RATING PRACTICES LITIGATION** | ) | **(No. 1:00-210; No. 5:02-2384)** |
| | | **(No. 3:01-1465; No. 3:02-2552)** |

**DECLARATION OF TERRY A. SMILJANICH IN SUPPORT OF**
**MOTION FOR ORDER SETTING APPELLATE BOND FOR COSTS**

I, Terry A. Smiljanich, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney in good standing, duly licensed and admitted to practice in the State of Florida.  I am a member of the firm James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A., Lead Counsel for the Class in this action.

2.      I submit this affidavit in support of Class Plaintiffs' Motion for Order Setting Appellate Bond for Costs filed in the above-captioned matter.  The testimony set forth in this declaration is based on first-hand knowledge, about which I would and could testify competently in open court if called upon to do so.

3.      It is the opinion of Class Counsel that the attorneys and paralegals handling this case will be required to spend as much as 50 hours, collectively, representing the Class before the Eleventh Circuit Court of Appeals in response to the Notice of Appeal filed by Objectors Dunmore and Fetcher.

4.      The average hourly rate of the attorneys who would handle this appeal is $600 per hour.  Based upon this rate, Class Counsel anticipates that their handling of the appeal will cost over $30,000 in attorneys' fees.  In addition, Class Counsel anticipate that they will incur at least $350 in costs as outlined in 19 U.S.C.A. § 1920.

5.      Class Counsel's estimate of time to handle the appeal in this case is based upon their collective experience in handling class action cases of this nature.

6.      Class Counsel believes any arguments that the Objectors will raise on appeal will be rejected as frivolous by the Eleventh Circuit Court of Appeals.  Neither Objector submitted any affidavits or other evidence in connection with the settlement's authorization of attorneys' fees that was approved by this Court, never objected to the setting of fees and costs as authorized by the Settlement Agreement, and demanded payment of fees from the very award being appealed at this time.

7.      On October 14, 2008 N. Albert Bacharach called undersigned counsel and stated that he was calling on behalf of himself and four other co-counsel representing Julius Dunmore and Angela Fetcher. He stated that he was calling on their behalf not as objectors to the settlement but rather as co-plaintiffs in the consolidated class cases bound by the settlement in this matter. He demanded $500,000.00 in payment of attorneys' fees and costs for his representation of these individuals in this case, to be paid from the award of fees and costs to Class Counsel. In return, he was willing to forego any appeal of the final order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November, 2008, in Tampa, Florida.

*s/Terry A. Smiljanich*
Terry A. Smiljanich